# Young v. McCraw's Ex'x.

(Decided May 17, 1938.)

WOODWARD, DAWSON & HOBSON and WILBUR FIELDS for appellant.

JOHN R. MOREMEN and HITE H. HUFFAKER for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is the second appeal of this case. The first appeal is styled Young v. McCraw's Adm'x et al., 269 Ky. 736, 108 S. W. (2d) 712. In the opinion of that case this court said (page 715):

> "On the return of the case the chancellor, without regard to any previous finding, will ascertain these amounts and credit them on the purchase price and give judgment in favor of Mrs. Young for the balance, if any."

On the return of the case the chancellor by appropriate orders referred the case to the master commissioner with directions to hear evidence and ascertain and report to the court the amount of the credits, if any, that McCraw's estate was entitled to and the amount after giving credits for same due Mrs. Josephine H. Young. In pursuance to the order of the court the master commissioner in a clear, comprehensive and exhaustive

resumé of the proof and its application to the law as adjudged by this court, in the former opinion, reported as follows:

Balance due Mrs. Young from McCraw under the contract of September 2, 1930 $7,000.00

With interest thereon at 6 per cent. Subject to the following credits:

Rent and monthly payments withheld by Young and not applied on mortgage from Sept. 2, 1930, to March, 1934 .......... 1,336.88

To be credited as of March 1, 1934.

One payment to be credited as of September 28, 1931 ........................ 1,000.00

One payment to be credited as of May 2, 1932 .............................. 1,000.00

I. C. & N. Y. Central stock to be credited as of December 14, 1931—total ........... 3,583.10

Rent April 1934, to July, 1936 ........... 1,350.00

To that report Josephine H. Young filed her exceptions as follows:

"The plaintiff excepts to the findings and recommendations of the commissioner that Charles L. McCraw paid, or that his estate is entitled to be credited with, the following sums upon the contract of purchase of the property of the plaintiff, to-wit:

"1. Alleged rent and monthly payments withheld by Young and not applied on mortgage from September 2, 1930 to March 1934 ........................ $1,336.88

"2. Payment or credit as of September 28, 1931 ........................ 1,000.00

"3. Payment or credit as of May 2, 1932 .............................. 1,000.00

"4. I. C. R. R. & N. Y. C. R. R. stock as of Dec. 14, 1931 ................... 3,583.10

"5. Rent from April, 1934 to July 1936 ................................ 1,350.00

"The plaintiff excepts to said findings and recommendations because they are not supported by the pleadings, or by any evidence, and are contrary to the law and the evidence."

The chancellor overruled the exceptions and rendered the following judgment:

"This cause having come to be heard upon the plaintiff's exceptions to the commissioner's report and upon submission in chief, and the court being sufficiently advised, the exceptions of the plaintiff to the commissioner's report are overruled to the following items: ·

"1. Rent and monthly payments from Sept. 2, 1930 to March, 1934 ...... $1,336.88

"2. Payment or credit as of Sept. 28, 1931 .............................. 1,000.00

"3. Payment or credit as of Sept. 28, 1931 .............................. 1,000.00

"4. Rent from April, 1934 to July 1936 .............................. 1,350.00

to all of which the plaintiff excepts.

"The court sustains the exceptions of the plaintiff to the allowance by the commissioner as a credit on the claim of the plaintiff:

"I. C. R. R. & N. Y. C. R. R. stock as of Dec. 14, 1931 ...................... $3,583.10

to which the defendant excepts.

"The opinion of the court herein is made part of this judgment.

"The commissioner having been directed to compute the amount due plaintiff pursuant to the rulings and opinion of the court, and the commissioner pursuant thereto having filed a supplemental report, which the court finds to be accurate, the same is hereby confirmed, and the plaintiff, Josephine H. Young, is awarded judgment against the defendant, Owen M. McCraw, as administratrix of the estate of Charles L. McCraw in the sum of $4,313.82, with interest thereon at the rate of six (6%) per cent per annum from July 1, 1936, and her costs herein, on which she may have execution to be levied upon assets of the estate of Charles S. McCraw in the hands of the personal representative unadministered."

Appellee, Owen M. McCraw, executrix, excepted to the judgment and prayed an appeal to this court which was granted by the circuit court and later executed a supersedeas bond for the payment of the judg-

ment, but no appeal was ever perfected, so far as the record shows, nor cross-appeal granted by this court. Josephine H. Young also prayed an appeal to this court, and her appeal from the judgment is now before us. She appeals from that part of the judgment overruling the exceptions to the several items allowed except the stock transaction. The correctness of the ruling of the chancellor to that extent is now before us. The chancellor favored the court with a terse, logical, and well-considered opinion, giving his reasons, as well as his application of the law in approving the items allowed by the commissioner, and his opinion is made a part of the record.

Reviewing the evidence taken and application of the law as laid down in the former opinion, we have reached the conclusion that the chancellor's opinion presents a full, complete, and correct solution of the question now before us, so we have concluded to adopt his opinion, in so far as applicable, as the opinion of this court:

"This case comes before the court on exceptions to the commissioner's report, on submission in chief and for a ruling on the estoppel attempted to be set up by amended reply. As far as the estoppel is concerned, the court does not consider the allegations of the amended reply sufficient to set up an estoppel. In so far as the amended reply, together with its certified exhibits, is evidence, it will be considered as such.

"*Three theories.*—There are three distinct theories regarding the construction to be given the opinion of the Court of Appeals in this case.

"The McCraw estate contends that any payment shown to have been made by McCraw to either of the Youngs subsequent to the sales contract is a credit on the purchase price—a credit on the purchase price of the realty regardless of what the payment was for. The commissioner seems to have adopted this theory. Mrs. Young insists that the only credits to which the McCraw estate is entitled are those which are definitely shown to have been made and applied to the purchase price. The bankruptcy exhibit is insisted to be a complete refutation of certain of the credits allowed by the commissioner.

"This court is of the opinion that under the ruling of the Court of Appeals there were two sets of transactions between McCraw and the Youngs. There was a sale and purchase of real estate between McCraw and Mrs. Young. There was a series of market transactions, a laundry operation, and a general borrowing between McCraw and Young.

"The court is of the opinion that the evidence shows Young to have been authorized by Mrs. Young to act as agent for the receipt of payments made by McCraw on the purchase price of the realty. With this theory in mind the accounting becomes fairly simple. Any moneys paid by McCraw to Young applicable to the purchase price are credits thereon, regardless of whether Mrs. Young knew of them, and regardless of what Young did with the money. The third party dealing with an authorized agent is under no obligation to look to the application by the agent of payments. * * *

"*Commissioner's findings—Cash payments.*

"The commissioner allows the following credits:

"$1,000 down payment recited in the deed. This is not contested by Mrs. Young.

"Two payments of $1,000; one made on September 28, 1931, and another made on May 2, 1932. The commissioner holds both of these payments to have been made on the purchase price to Young by McCraw. Mrs. Young disputes the factual findings in view of the evidence, but the court adopts the factual finding of the commissioner. * * *

"*Two rental allowances.* There is an original rental allowance of $1,336.00 which grew out of the payment by McCraw to Young of $70 per month and an agreement by Young to pay $50 per month rent, making a total of $120 monthly applicable to the Fidelity mortgage. The Court of Appeals disallows payments by McCraw on the mortgage; but this $1,336 is the shortage of Young acting as agent. Mrs. Young is responsible for her agent's shortage. In other words, McCraw gave Young, agent, $70 per month and Young, agent, agreed to pay $50. McCraw made his payments, but Young

was short $1,336.88 on the transaction. This transaction ended March, 1930.

"A second allowance of $1,350 is based on use and occupancy from March, 1934, to July, 1936. Counsel for Mrs. Young points out that McCraw ceased payments on the Fidelity mortgage when that mortgage was refinanced by the Home Owners' Loan Corporation; that Mrs. Young was entitled to a credit against him for the interest on the whole refinanced mortgage. There is a great deal of force in counsel's contention. However, the court finds the refinancing to the Home Owners' Loan Corporation to have been a novation whereunder Mrs. Young agreed to pay the interest on the Home Owners' Loan Corporation loan. * * *".

The record fails to reveal any cross-appeal on the part of appellee. Therefore, the appeal of Josephine H. Young is the extent of our consideration. It is our conclusion that the judgment of the chancellor is correct.

Wherefore, the judgment is affirmed.